Turney, J.,
delivered the opinion of the court:
The requirements of the statute were not observed in the circuit court, in the attempt to establish the paper writing as the will of Martin L. Mynatt.
The handwriting is not shown to be generally known by the acquaintances of the deceased; the object of this clause is to prevent fraud in the probate of a false will.
The provision that the handwriting shall be generally known to the acquaintances of the testator, is more comprehensive than to embrace merely the family of the decedent.
The term is meant not for the latter class, but refers to' such persons as usually associated or transacted business with the testator. While it is not necessary to introduce as witnesses to prove the handwriting, a majority of such acquaintances, it is necessary to introduce a sufficient number to make it reasonably certain that others of such ac-qrraintances would testify to the fact of the genuineness, of the signature.
*51 Tlie opportunities for, and inducements to fraud, make it tlie policy of tlie law to construe the statute strictly in all its parts.
Reverse the judgment.